ORDER
Judges Farris and O’Scannlain vote to deny Appellant’s Petition for Panel Rehearing; Judge Christen votes to deny as to Part I of the Petition and would grant as to Part II of the Petition.
The memorandum disposition filed on July 25, 2016 is hereby, withdrawn; the memorandum disposition submitted simultaneously with this Order shall be filed in its place.
The Petition for Panel Rehearing is DENIED. No further petitions for rehearing will be entertained in this appeal.
MEMORANDUM *
Curtis Lee is a former employee of ING Investment Management, LLC. In 2008, Lee was diagnosed with a serious medical condition. Lee applied for and received long term disability benefits, beginning in January 2009. Those long term disability benefits were terminated as of December 2009. Lee did not return to work, and was fired in June 2010. Lee then filed this lawsuit against his former employer and various insurance companies, alleging, inter alia, that his long term disability benefits were wrongfully terminated, and that he was fired in retaliation for exercising his rights under the Employee Retirement Income Security Act of 1974. See 29 U.S.C. §§ 1132, 1140. The district court granted summary judgment to all defendants on *947 both of those claims, and Lee now appeals that decision.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
Where, as here, an employee benefits plan gives a claims administrator discretion in making claims decisions, courts must review those decisions for an abuse of discretion. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (en banc). However, if the claims administrator is suffering from a conflict of interest, the abuse of discretion standard must be tempered with some level of skepticism. Id. at 967-968.
Lee first argues that the district court erred in not tempering its review with enough skepticism. He then argues that the district court erred in not finding that the termination of his benefits was an abuse of discretion. We need not decide whether the district court should have applied more skepticism, because no matter the level of skepticism applied, the claims administrator did not abuse its discretion.
The claims administrator told Lee that if he sought disability benefits beyond December 13, 2009, he would be required to attend an IME on December 29-30, 2009. Lee refused to attend the IME. Under the terms of Lee’s long term disability plan, that refusal was a sufficient basis to terminate his benefits. While Lee now tries to recharacterize his refusal to attend the IME as a request to reschedule, Lee’s letter made it clear that he would not agree to attend a neuropsychological evaluation. Lee has cited no plan language that allowed him to make such a refusal. Given this refusal, regardless of the level of skepticism applied, the decision to terminate benefits was not an abuse of discretion.
As to Lee’s retaliatory discharge claim, the district court granted summary judgment to the defendants because the claim was filed outside the statute of limitations. Lee acknowledges this fact, but argues that the district court erred in not applying equitable tolling or equitable es-toppel to his claim. Since the facts here are undisputed, we review de novo whether the district court erred in failing to apply these doctrines. See Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008).
Equitable tolling of a statute of limitations is available for periods of time where “a reasonable plaintiff would not have known of the existence of a possible claim.” Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000), overruled on other grounds by Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en bane). Equitable estoppel, on the other hand, applies when the defendant has engaged in some kind of “affirmative misconduct” that has caused the plaintiff to be unable to file during the limitations period. Socop-Gonzalez, 272 F.3d at 1184 (internal quotation marks omitted).
Lee argues that he is entitled to both equitable doctrines- because he did not know that he was discharged because of his exercise of his ERISA rights until May 2011, when he received an internal ING email in discovery. Lee believes this email shows a retaliatory motive on ING’s part, and was wrongfully withheld from him. But Lee was aware that he had a “possible” claim for retaliatory discharge before receiving that email. When ING first told Lee that he would not be able to return to his old job, and ING was not going to create a part-time job for him, Lee responded by saying that this decision, on the heels of a letter Lee had just written *948 about ERISA violations in the handling of his disability claim, appeared to be retaliatory.
Lee argues that his suspicion of retaliation was not strong enough for him to file a complaint. But a plaintiff is not entitled to equitable tolling up until the point he is certain that he was fired in retaliation. See Santa Maria, 202 F.3d at 1178. Moreover, the suspicious timing of ING’s decision was sufficient to allow Lee to file a complaint. See Kimbro v. Atl. Richfield, Co., 889 F.2d 869, 881 (9th Cir. 1989) (“[T]he timing of a discharge may in certain situations create the inference of reprisal.”).
Lee knew he had a possible claim for retaliatory discharge even before he was fired, and nothing prevented him from filing a complaint once he was discharged. The district court did not err in not applying equitable tolling or equitable estoppel to Lee’s claim.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. We address ING North America's cross-appeal of the district court’s grant of summary judgment to Lee on his claim for statutory penalties in a published opinion filed concurrently with this memorandum disposition.